UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY and KATHERINE STEFFEN,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br><br><br><br>BNC MORTGAGE INC., et al,<br><br>　　　　　　　Defendants. | CASE NO. 09cv924-MMA(WMc)<br><br>**ORDER GRANTING DEFENDANT AMERICAN SERVICING COMPANY/WELLS FARGO'S UNOPPOSED MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>[Doc. No. 21] |

On July 14, 2009, Plaintiffs Roy and Katherine Steffen, proceeding *pro se*, filed an amended complaint alleging various causes of action against Defendant American Servicing Company/Wells Fargo [Doc. No. 9]. Defendant now moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 21]. Plaintiffs filed no opposition to the motion. For the following reasons, the Court **GRANTS** Defendants' motion.

## DISCUSSION

This action arises from foreclosure-related events with respect to Plaintiffs' home. According to the amended complaint, on or about March 3, 2006, Plaintiffs applied for and received a mortgage loan for the purposes of purchasing real property located at 5663 Del Cerro Avenue, San Diego, California, 92120. Plaintiffs signed a promissory note in the amount of $697,000. Plaintiffs

1  allege that Defendant is now the holder of the note and is collecting payments on the note. Plaintiffs
2  further allege that Defendant filed a Notice of Default on the property through their trustee on
3  December 31, 2008, and on or about April 1, 2009, filed a Notice of Trustee Sale. Plaintiffs'
4  property was sold at the trustee sale on May 15, 2009. Plaintiffs instituted the present action,
5  alleging the following causes of action against Defendant: (1) breach of contract; (2) violations of
6  GAAP; (3) violations of the Fair Debt Collection Practices Act; (4) violations of the Uniform
7  Commercial Code; (5) violations of the Real Estate Settlement Procedures Act; (6) wrongful
8  eviction; and (7) fraud in the inducement. Defendant now seeks dismissal of the amended complaint
9  in its entirety for failure to state a plausible claim for relief. Plaintiffs filed no opposition to the
10 motion, nor did they request an extension of time in which to do so.

11        The Ninth Circuit has held a district court may properly grant an unopposed motion to
12 dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a
13 motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).
14 Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner
15 required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion
16 or other ruling by the court." As such, the Court has the option of granting Defendants' motion on
17 the basis of Plaintiff's failure to respond, and it chooses to do so.[1]

18        Generally, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v.*
19 *City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward
20 resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule
21 12(b)(6) motion. Thus, this policy lends little support to a party whose responsibility it is to move a
22 case toward disposition on the merits but whose conduct impedes or completely prevents progress in
23 that direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). In addition, management of this
24 Court's docket is of vital significance to the proper and timely resolution of matters before it.

---

[1] The Court acknowledges the longstanding policy in the Ninth Circuit of construing *pro se* pleadings with liberality, however, even *pro se* plaintiff are expected to follow procedural rules and to file their documents in a timely manner, or ask for an extension if they are unable to do so. Plaintiffs have been noticed properly on all filings in this matter. The Court has no basis to excuse Plaintiffs' failure to defend against the pending motion to dismiss.

1  Consequently, the Court finds dismissal of this action pursuant to Local Civil Rule 7.1(f)(3)(c)
2  serves to facilitate the management of its docket in light of the fact that multiple cases similar to the
3  one at bar are currently pending, poised in the same procedural posture.

4  <u>**CONCLUSION**</u>

5  For the reasons set forth above, the Court **GRANTS** Defendants' motion and **DISMISSES**
6  this action.  The Clerk of Court is ordered to close the case file.

7  **IT IS SO ORDERED**.

8  DATED:  October 15, 2009

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge